MEMORANDUM *
Ayda Navarrete (“Navarrete”) sued Nike, Inc. (“Nike”) under Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3; 42 U.S.C. § 1981; and Oregon state law. She alleged discrimination, retaliation, and a hostile work environment based on race, color, national origin, and gender. She also alleged that Nike violated Oregon state law prohibiting wrongful discharge, intentional infliction of emotional distress (“IIED”), and reckless infliction of emotional distress (“RIED”). The district court dismissed *406 Navarrete’s claims for wrongful discharge and RIED for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court later granted summary judgment to Nike on all of Na-varrete’s remaining claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court’s orders on all of Navarrete’s claims.
The district court did not err in granting summary judgment to Nike on Navarrete’s hostile work environment sexual harassment claim. Navarrete failed to provide evidence to support this claim. She did not show that Nike managers knew or should have known of Lang’s sexual harassment and that Nike failed to stop it.
The district court did not err in granting summary judgment to Nike on Navarrete’s claim of harassment based on race, color, and national origin. Navarrete failed to provide evidence to support this claim. Her claim that Nike’s policy requiring employees to speak English while working cannot alone establish discrimination, see Garcia v. Spun Steak Co., 998 F.2d 1480, 1488-89 (9th Cir.1993), and her other allegations of harassment based on race, color, and national origin are unsupported by the record.
The district court did not err in granting summary judgment to Nike on Navarrete’s disparate treatment based on race, color, and national origin claim. Navarrete failed to provide direct evidence of disparate treatment based on race, color, and national origin. Although Navarrete cites two remarks regarding Spanish-speaking people and Mexicans, “stray” remarks are insufficient to establish discrimination, Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990), and self-contradictory testimony is insufficient to create a genuine issue of material fact. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999).
Navarrete also failed to establish a pri-ma facie case of discrimination using circumstantial evidence, as she did not show that a similarly situated individual outside of the protected class was treated more favorably. Even if Navarrete had established a prima facie case of discrimination, she failed to show that Nike’s articulated, non-discriminatory reason for firing her was pretextual.
The district court did not err in granting summary judgment to Nike on Navarrete’s disparate treatment based on gender claim. Navarrete failed to provide evidence to support this claim.
The district court did not err in granting summary judgment to Nike on Navarrete’s claim for retaliation based on her alleged opposition to gender discrimination. Na-varrete likely did present a prima facie case for retaliation based on the proximity in time between when she complained about Lang’s sexual harassment and when she was fired. See Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 507 (9th Cir.2000). However, Navarrete failed to show that Nike’s articulated, non-retaliatory reason for firing her was pretextual.
The district court did not err in dismissing Navarrete’s claim for wrongful discharge under Oregon common law. Wrongful discharge is an interstitial tort available only where a discharge in violation of public policy would not otherwise be adequately remedied. See Dunwoody v. Handskill Corp., 185 Or.App. 605, 60 P.3d 1135, 1139 (2003). Section 1981 and Title VII provided adequate remedies for Navarrete’s wrongful discharge claim. See 42 U.S.C. §§ § 2000e-5(g); 1981; 1981a. Navarrete’s claim was therefore precluded by these federal statutes.
*407 The district court did not err in granting summary judgment to Nike on Navarrete’s claim for intentional infliction of emotional distress under Oregon common law. Na-varrete failed to provide evidence to support her assertion that Nike’s conduct “constituted an extraordinary transgression of the bounds of socially tolerable conduct.” McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995) (en banc).
The district court did not err in dismissing Navarrete’s claim for reckless infliction of emotional distress under Oregon common law. Oregon law only allows for RIED claims in unique circumstances, none of which Navarrete alleged in her complaint.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.